THOMAS W. MAYHEW v. THOMAS M. HATHAWAY & others.

All estates in lands or tenements of a longer duration than one year are real estate in the sense of the attachment law of Rhode Island, and must be attached and proceeded with as such.

If the owner of buildings or other fixtures have any greater interest in the soil to which he has affixed them than that of a mere occupier or tenant by sufferance, an officer cannot attach them, or sell them, if the attachment becomes fixed by judgment, as the property of the owner, separately from his interest in the soil.

THIS was an action of *assumpsit* brought against the defendants, as makers of a note for $1,000, made on the 8th day of October, 1857, and payable on demand, the writ in which was served by attaching the interest of the defendants in two buildings situated on land in the rear of No. 93 Bridgham Street, Providence, leased to the defendants for five years,—

said lease being in writing, and acknowledged and recorded,—one of which was used as a "dry hop yeast factory," and the other as a horse-shed. The return of the sheriff showed, that he had attached the buildings only, and in the mode prescribed for attaching goods and chattels; it appearing from his return, that he had left "attested copies of his writ, with his doings thereon, at the defendant's last and usual place of abode;" but not, that he had left a copy of his writ with the person in possession, or if no such person, set up notifications in three public places in Providence, or, that he had left a copy of his writ with the city clerk.

*Lapham* now moved to dismiss the suit for want of proper service of the writ, upon the ground, that it was served only by attachment, and it appeared, that what should have been attached as real estate, had, in fact, been attached as if personal estate; the property being of a nature incapable, like a personal chattel, of being taken by the sheriff into his possession.

*James Tillinghast* opposed the motion, on the ground, that the property attached, at common law, was but a chattel, and passed to the executor, and should, under the statute, be attached as personalty.

The property, he contended, is at least constructively in the officer's possession; and *non constat* but that he has left a keeper in charge, and so has it actually in his possession. He insisted that the property attached was, for every other purpose except taxation, personal property; the statute, for that purpose, treating it as realty.

AMES, C. J. By chapter 181 of the Revised Statutes, a different mode is prescribed for the attachment of real estate, from that prescribed for the attachment of goods and chattels. In attaching the latter, the officer is directed by the 5th section of the chapter, "immediately after" such attachment, to "leave an attested copy of such writ, with a copy of his doings thereon, at the defendant's usual place of abode, if any he have in the precinct of the officer, with some person there, and otherwise with the person in the possession of the property, *that the defendant may have knowledge of the suit;* and by the 6th section he is ordered, in case of such attachment, to keep the goods

and chattels attached, " in his hands, as security to satisfy such judgment as the plaintiff may recover." In attaching real estate, the officer is directed to "leave a copy of the writ by which the same shall be attached, and of his doings thereon, with the person in possession, and also with the town clerk of the town in which said real estate lies ; but if no person be in possession, then the officer shall set up notifications thereof in three public places in the town where such real estate lies." Rev. Stats. ch. 181, § 16. There is then this difference, as prescribed, between the mode of attaching goods and chattels and the mode of attaching real estate ; that in the former, notice is to be given by the officer only to the owner of the property attached, the public having notice from the possession by the officer of the goods and chattels attached ; whilst in the latter, beside such notice to the owner, inasmuch as no possession is to be taken by the officer, notice of the attachment is to be given by the officer to the public, by leaving a copy of the writ, with his doings thereon, with the town clerk of the town in which the real estate lies. By the policy of our law, in other words, public notice of this species of lien upon real estate is required to be given at the same place, where by law, through the registry of deeds, notice of all other liens upon and conveyances of real estate is required to be given.

In ascertaining, therefore, what are goods and chattels and what real estate, in the sense of our attachment law, it seems to us far more consistent with the spirit of our legislation to follow the line of distinction thus suggested, in classifying a species of property, sometimes called mixed, as partaking of the character both of realty and personalty, than to propose as a test in this respect, whether, upon the death of the owner, it shall go to his heirs or to his executor. We hold that to be real estate in the sense of our attachment law, which our law with regard to the conveyance of real estate treats as such, and requires to be conveyed with the solemnities and public notice with which real estate is, according to its policy, to be conveyed ; and regard the notice, required in attachments of real estate to be left at the town clerk's office, as congruous with, and suggestive of, this test of discrimination. All estates in

lands and tenements of a longer duration than one year, are, according to this standard, real estate, and should be attached as such; that is, with the public notice appropriate to the creation of a lien upon that species of property. All lesser estates in lands and tenements, and certainly all buildings placed on soil in which their owners have no certain interest, are to be regarded as mere chattels, and to be attachable as such, if they may not also be attached in the same mode as real estate, according to the reasoning of the supreme court of Massachusetts in the case of *Ashmun* v. *Williams*, 8 Pick. 402, 404.

Judged by this test, the attachment in this case, made without the public notice required by law in attachments of real estate, was void; since it is agreed, for the purposes of this motion, that the defendants were, at the time of the attachment, not only the owners of the buildings attached, but the lessees, under a five years' lease, acknowledged and recorded, of the land upon which their buildings are placed.

It is suggested, that in this case, the officer attached only the buildings, and did not affect to attach the interest of the defendants in the land upon which they had fixed them. This would of itself, in our judgment, avoid the attachment; since we know of no right that an officer has thus separately to attach the buildings and permanent fixtures upon the leasehold, any more than upon the freehold estate of a defendant, against whom the writ in his hands is directed. Such a right supposes, of course, in order to carry out the attachment, a right to dismantle and ruin the property, by removing such structures from the soil, when they are sold to satisfy the execution, if the attachment should become fixed by judgment. Property, which the owner has fixed to the soil and connected with his interest in it as a part thereof, must be regarded and treated by others, attaching officers included, precisely as he has chosen to treat it; and if his interest in the soil be anything more than that of a mere tenant or occupier by sufferance, must be attached, and, if. it continue, sold with his fixtures in the soil, in order to attach and sell *them*. After the sale, the execution purchaser, now become the owner, will do with them what he pleases. The

power of separation, which this attachment supposes in the officer, would enable him at his pleasure, or under the direction of the creditor, to ruin a debtor in all the forms of law, under the pretence of exacting out of his property the amount of the debt.

*For these reasons this suit must be dismissed with costs.*